## James A. Davis v. Miller Signal Co.

1. MANDAMUS—*There Must be a Clear Case.*—In a mandamus proceeding, where the right of the relator to the writ is doubtful or where there is a substantial doubt as to its being the legal duty of the respondent to perform the act, the writ will not issue.  The remedy by mandamus rests upon the legal rights of the relator and upon the legal obligations and duties of the respondent.  It can not be predicated solely upon equities existing between the parties.

2. SAME—*Equitable Defense Can Not be Set Up as Against a Plain Legal Right.*—In a proceeding for mandamus a purely equitable defense can not be set up as against a plain legal right.

3. LIS PENDENS—*Three Things Essential to the Doctrine.*— Three things are essential to the doctrine of *lis pendens:* First, the property must be of a character to be subject to the rule of *lis pendens;* second, the court must have jurisdiction, both of the person and the *res;* third, the *res* must be sufficiently described in the pleadings.

4. SAME—*Defined.*—As a general rule *lis pendens* is, in law, notice of any fact averred in the pleadings pertinent to the matter in issue or the relief sought, and of the contents of exhibits filed and made a part of the pleadings; but in order that the notice may attach, the property involved must be so pointed out in the proceedings as to warn the public that they intermeddle therewith at their peril.

5. SAME—*Does Not Apply to Sales of Stock.*—Although the doctrine of *lis pendens* does extend sometimes to personal property under certain actions concerning the same, it does not apply to sales of shares of stock had during the pendency of a suit concerning the same.

**Bill for an Injunction.**—Appeal from an interlocutory injunction in the Circuit Court of Cook County; the Hon. RICHARD S. TUTHILL, Judge presiding.  Heard in the Branch Appellate Court at the March term, 1902.  Injunction modified and as modified affirmed.  Opinion filed January 16, 1903.  Rehearing denied February 3, 1903.

CHARLES H. ALDRICH and LORENZO C. BROOKS, attorneys for appellant.

W. H. LYFORD and J. B. MANN, attorneys for appellee; E. H. SENEFF and R. B. MASON, of counsel.

MR. PRESIDING JUSTICE WATERMAN delivered the opinion of the court.

This is an appeal from an interlocutory order of injunc-

tion. The bill upon which this order was made contained, among other things, the following :

"That after said stock of your orator, acting under the name of the Co-operative Railway Signal Company, had been issued, the owners of a large number of shares of said stock turned the same over to your orator to be placed in your orator's treasury and to be sold or used in carrying on the business of your orator, which said shares of stock so turned into the treasury of your orator and to be by it used for the purpose aforesaid, included the one hundred and fifty shares hereinafter mentioned; that while one hundred and fifty shares of said stock so turned over to your orator for the purpose aforesaid was in the possession of your orator under the agreement and understanding aforesaid, one J. J. Tobias, who was then its secretary, on the 16th day of February, A. D. 1901, delivered to one James A. Davis, a certificate for one hundred shares of said stock, and on the 28th day of February, A. D. 1901, delivered to said Davis a certificate for fifty shares of said stock, said certificate for one hundred shares being numbered nine, and said certificate for said fifty shares being numbered one hundred and one; that said certificates and each of them were delivered by said J. J. Tobias to said James A. Davis without any authority from your orator or from its board of directors so to do, and without any consideration therefor moving to your orator or to any one for it or in its behalf, and that if said stock was delivered to said Davis otherwise than as a gift from said Tobias, it was delivered in payment of a private obligation from said Tobias to said Davis; that after it was discovered by the board of directors of your orator that said shares had been so delivered to said Davis, the said board declared said issue of stock to have been unauthorized and repudiated the same; that as between your orator and said James A. Davis, the said shares of stock were fraudulently issued and the same should in equity be delivered up to your orator to be canceled; that said James A. Davis, in fraud of the rights of your orator, is now claiming to be the owner of said one hundred and fifty shares of said stock, and is claiming the right of a stockholder of your orator, and for the purpose of annoying your orator and prying into its business affairs, had begun and is now maintaining a certain proceeding of mandamus in the Superior Court of Cook county, Illinois, against your orator and its president and secretary, to compel your orator and its said offi-

cers to permit him, said Davis, and some person styled an expert accountant, to examine the books, papers and records of your orator, which said proceeding of mandamus is case number 220,530 on the docket of said Superior Court, and is entitled James A. Davis v. Miller Signal Company, H. V. Miller and T. M. Bates; that said James A. Davis and one Cassius M. Upton, together with others to your orator unknown, have entered into a conspiracy to use the said void stock held by Davis for the purpose of ascertaining the business secrets of your orator in order that they may use the knowledge so obtained for their own private interests, and to the injury of the business of your orator; that unless restrained by the order of this honorable court from further prosecuting said suit for a writ of mandamus, said James A. Davis will put your orator to great expense and annoyance, and that the question as to the right of your orator to have said 150 shares of stock surrendered and canceled will not be determined until the hearing of this cause, wherein all rights of your orator and said James A. Davis in said shares of stock, can be alone settled and adjudged; that unless, pending the hearing of this cause, said James A. Davis and those acting with him be temporarily enjoined and restrained from disposing of said shares of stock, there will be great danger that he may in fact or pretendedly place said shares in the name of a third person, who may be, or pretend to be, an innocent holder of the same; that if notice is given to said James A. Davis of the application for a temporary injunction herein, your orator believes that he, said Davis, will put said shares of stock into the name of some third person; that there is nothing in the records, books or papers of your orator which it has any desire or purpose of concealing from any of its stockholders, and which can not be known to any of its stockholders, but that it has on foot certain business transactions and proposed business transactions which should not be now made known to others than those having a pecuniary interest in its affairs, and especially should not be made known to persons who are hostile to it and to its interests."

The temporary injunction granted was in accordance with the following prayer therefor:

"Your orator further prays that pending the final hearing of this cause, your honors will cause to be issued out of this honorable court, the people's writ of injunction restraining said James A. Davis from in any manner further prosecuting said proceeding for a writ of mandamus and from in

any manner selling, assigning, transferring or disposing of said 150 shares of stock or any portion thereof, and from in any manner asserting or attempting to assert, any rights as a pretended shareholder in your orator company."

Appellant raises numerous objections to the bill, on account of which he insists that the temporary injunction granted by the court below should be set aside.

Among other things, appellant says that by the bill it appears that not only is appellee guilty of laches, but that it has a plain and adequate remedy at law, also that the bill is insufficient, uncertain, vague, indefinite, does not sufficiently state the nature, subject, purposes and details of the business secrets alleged to be in danger of exposure if the defendant is permitted to examine its books and records. Sixteen alleged reasons for the setting aside of this injunction are elaborately and ably argued by appellant. The condition of the pleadings in the mandamus suit under which appellant insists appellee has an adequate remedy is not shown. That which appears from the bill as to the mandamus suit is that appellant has begun and is now maintaining a certain proceeding of mandamus in the Superior Court against appellee, its president and secretary, to compel it and its officers to permit him, appellant, and some person styled an expert accountant, to examine the books, papers and records of the complainant.

The only purpose and all sought in such proceeding, so far as is shown by the bill, is merely to obtain for appellant and an expert accountant an opportunity to examine the books, papers and records of appellee. Such claim, it inferentially appears from the bill, is based upon appellant's instance that he is a stockholder of appellee. That appellant is the holder of certificates for 150 shares of the stock of appellee in due and proper form delivered to him by appellee's secretary is asserted in the bill, and therefrom it appears that the only defense which appellee has to the mandamus proceeding is the claim set up in the bill filed by it; that the said stock certificates were delivered by its secretary to appellant without consideration, so far as appellee is concerned, in fraud of its rights; in other words,

that the certificates of stock were fraudulently obtained by appellant.

The defense of appellee to the mandamus proceeding, if any it has, appears to be of an equitable nature, as upon the face of the certificates he holds, appellant is a stockholder and the signatures of its officers, upon such certificates are genuine.

In Spelling on Injunctions and Other Extraordinary Remedies, Sec. 1370, it is said: "Nor will the court in a mandamus proceeding determine conflicting equities between the parties, and where they remain unsettled until the final hearing, relief will be refused."

In a mandamus proceeding, where the right of the relator to the writ is doubtful or where there is a substantial doubt as to its being the legal duty of the respondent to perform the act, the writ will not issue. The remedy by mandamus rests upon the legal rights of the relator and upon the legal obligations and duties of the respondent. It can not be predicated solely upon equities existing between the parties. State ex rel. Patterson v. Wenzel, 75 N. W. Rep. 579.

It follows that in a proceeding for mandamus a purely equitable defense can not be set up as against a plain legal right. Appellant urges that appellee is not in danger of loss from a transference by him of the shares of stock to a *bona fide* purchaser, because of the pendency of the mandamus proceeding, which it is claimed is *lis pendens* to all the world.

As before stated, it does not appear from the bill, the allegations of which are alone to be considered in determining its sufficiency to authorize the injunction awarded thereon, that any answer has been made to the petition for mandamus. The only thing, therefore, that appears therefrom is that appellant is claiming the right as a stockholder to examine the books, papers and records of appellee. This, it may be contended, is notice of appellant's claim to this stock, but we fail to see how it is notice of appellees.

Three things are essential to *lis pendens;* first, the property must be of a character to be subject to the rule of *lis*

*pendens;* second, the court must have jurisdiction, both of the person and the *res;* third, the *res* must be sufficiently described in the pleadings. As a general rule *lis pendens* is, in law, notice of any fact averred in the pleadings pertinent to the matter in issue or the relief sought, and of the contents of exhibits filed and made a part of the pleadings; but in order that the notice may attach, the property involved must be so 'pointed out in the proceedings as to warn the public that they intermeddle therewith at their peril. Bennett on Lis Pendens, Secs. 91 and 92.

The bill with sufficient certainty and clearness states that the stock in question was fraudulently obtained by appellant through the collusion and breach of faith of appellee's secretary. There is made out upon the face of the bill that appellee is clearly entitled to have the certificates of stock canceled, and, pending the determination of the questions involved in this case, an injunction to prevent appellant's transferring the stock for a valuable consideration to some person who may take it in entire ignorance of the fraud charged in the bill.

Undoubtedly the doctrine of *lis pendens* does extend sometimes to personal property under certain actions concerning the same. In Holbrook v. New Jersey Zink Company, 57 N. Y. 616, as well as in Leitch v. Wells, 48 N. Y. 586, it was held that the doctrine of *lis pendens* does not apply to sales of shares of stock had during the pendency of a suit concerning the same. See also Cook on Stockholders, Sec. 362.

After the filing of the bill and the making of an order for an injunction, leave was given appellee to amend the bill on its face by changing the name of defendant, John A. Davis to James A. Davis, and thereupon it was ordered that a writ of injunction issue in accordance with the prayer of the bill as filed. The bill was not resworn after such amendment and this omission, appellant claims, is fatal to the injunction. The amendment was manifestly inconsequential, as there was no change of any actual party defendant, but merely a correction in the statement of the christian name of one of the defendants.

In Gregg v. Brower, 67 Ill. 530, the court say :

" The rule, however, requiring a material amendment to a bill originally sworn to, also to be sworn to, we do not think has been relaxed in our practice; in mere matters of form it can be relaxed and has been. The amendment in question, as we have said, was material, changing, as it did. or rather adding to the liability of the appellant when the bill was filed and the pleadings made up, although the bill was in particular for an injunction. The equity of the parties was not changed by the injunction. The equity of the parties was not changed by the facts stated in the amendment."

The court declined to sustain the appellant's contention in that case that as the bill was exhibited under oath, the amendment should have been sworn to; and affirmed the decree.

To the same effect is Gordon v. Reynolds, 114 Ill. 118. Appellant, as appears from the record, abstract and brief, after such amendment, filed in this case a special demurrer to the whole bill and thereafter answered the same, without, so far as appears, raising any question as to such amendment. The injunction was, as appellant urges, too broad, and must be modified by striking therefrom the concluding clause of the injunction order restraining appellant from in any manner asserting or attempting to assert any rights as a pretended shareholder of the stock of appellee. Otherwise the order of the Circuit Court granting a temporary injunction will be affirmed.

Injunction modified and order as modified affirmed.